**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4162**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TRAVIS STARKS,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:08-cr-00467-HFF-3)

Submitted:  March 9, 2010          Decided:  March 26, 2010

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Everett P. Godfrey, Jr., GODFREY LAW FIRM, Greenville, South
Carolina, for Appellant.  Robert Frank Daley, Jr., Assistant
United States Attorney, Columbia, South Carolina, Regan
Alexandra Pendleton, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Starks appeals from a 188-month sentence imposed following a guilty plea to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, 50 grams or more of cocaine base, and 100 grams or more of heroin in violation of 21 U.S.C. § 846 (2006). Starks's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he believes there are no meritorious issues for appeal, but questioning the reasonableness of Starks's sentence. Starks was advised of his right to file a pro se brief, but has not done so. The Government has not filed a brief. Finding no reversible error, we affirm.

When a sentence is challenged on appeal, this court reviews the sentence for both procedural and substantive reasonableness using an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). Procedural errors include failing to consider the factors articulated in 18 U.S.C. § 3553(a) (2006), treating the U.S. Sentencing Guidelines Manual (2008) as mandatory, or "failing to adequately explain the chosen sentence." Id. Although not raised by Starks's counsel in the Anders brief, a review of the record revealed an issue regarding the procedural reasonableness of Starks's sentence, specifically, whether the district court

2

erred in failing to provide an individualized rationale when sentencing Starks.

In evaluating the sentencing court's explanation of a selected sentence, this court has held consistently that, while a district court must consider the sentencing factors in 18 U.S.C. § 3553(a) (2006) and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guidelines range.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  At the same time, however, the district court "must make an individualized assessment based on the facts presented."  Gall, 552 U.S. at 50; see also Rita v. United States, 551 U.S. 338, 356-57 (2007).  The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied to [defendant's] particular situation."  United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).  As this court recently explained in United States v. Carter, 564 F.3d 325 (4th Cir. 2009), while the "individualized assessment [of each defendant] need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review."  Id. at 330 (internal quotation

3

marks omitted).  Thus, a conclusory statement that a specific sentence is the proper one does not satisfy the district court's responsibilities.  Id. at 328-29.  In addition, this court cannot presume that the district court adopted the arguments of one of the parties while imposing sentence; an appellate court may not guess at the district court's rationale.  Id. at 329-30.

Starks failed to preserve for appeal the adequacy of the district court's explanation for imposition of his sentence.  Therefore, this court reviews his sentence for plain error.  See United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008); Fed. R. Crim. P. 52(b).  Accordingly, Starks must demonstrate that plain error was committed, and that the error affected his substantial rights.  Fed. R. Crim. P. 52(b).

Here, the record demonstrates that at sentencing, the district court failed to provide an individualized rationale for Starks's sentence as required by our holding in Carter.  The district court merely stated that the sentence was entered following consideration of the Guidelines and the relevant § 3553(a) factors, but did not further explicate the nature or extent of that consideration, or how the sentencing factors specifically related to Starks's case.  Moreover, the court did not address the issues raised by Starks or his counsel at the hearing regarding Starks's drug use or his minor role in the offense, or provide any other reason for choosing the sentence

4

imposed. Accordingly, we find that the district court's explanation constituted error, and that the error was plain.

Nonetheless, the record does not support a finding that this error affected Starks's substantial rights. Starks's Guidelines range, which was properly calculated, was 188 to 235 months. Both Starks and his counsel requested only the district court's "mercy," and did not seek any specific sentence within or below the Guidelines range. The district court sentenced Starks to 188 months, the lowest sentence within the Guidelines range. Thus, the district court's explanation did not have a prejudicial effect on the sentenced imposed. Additionally, because the sentence was within the properly calculated Guidelines range, this court presumes on appeal that the sentence is substantively reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Starks has offered no argument to rebut this presumption.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Starks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

5

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Starks.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED